**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| SHANE COOK, KARLA CARO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00930-RK |
| | ) | |
| FAMILY MOTORS, LLC, DERRICK | ) | |
| RICHARDSON, ANTONIO HARBIN, | ) | |
| BRENDA YOAKUM-KRIZ, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO SHOW CAUSE

On March 11, 2022, the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 18.) Plaintiffs' initial complaint suggested they relied on both federal question jurisdiction and diversity of citizenship jurisdiction to establish federal subject matter jurisdiction. (*See generally* Doc. 1.) Upon review of Plaintiffs' complaint, the Court ordered Plaintiffs (1) show cause why the case should not be dismissed for lack of federal question jurisdiction[1] or (2) file an amended complaint that properly establishes diversity of citizenship jurisdiction.[2]

On March 25, 2022, Plaintiffs filed an amended complaint asserting diversity of citizenship jurisdiction. (Doc. 24.)[3] Plaintiffs' amended complaint again fails to plead sufficient facts to establish the Court's federal subject matter jurisdiction under 28 U.S.C. § 1332.

---

[1] In their initial complaint, Plaintiffs appeared to assert federal question jurisdiction under 28 U.S.C. § 1331 on the theory that the acts supporting their claim that defendants violated the Kansas Consumer Protection Act simultaneously violated federal criminal law.

[2] The initial complaint failed to adequately plead the "citizenship" of any party and instead pleaded only (1) Plaintiffs were "resident[s] of the state of Kansas at the time of the events alleged below," (2) that Defendants Derrick Richardson and Antonio Harbin – as individuals and members of Defendant Family Motors, LLC – are "believed to be a resident of Missouri," and (3) that Defendant Brenda Yoakum-Kriz "is an employee at Empower Law Firm, LLC and can be served at her publicly listed place of employment" in Parkville, Missouri. (Doc. 1 at 3-4.)

[3] Out of an abundance of caution Plaintiffs also filed a motion for leave to file an amended complaint. (Doc. 25.) Because the initial show cause order permitted Plaintiffs to file an amended complaint to properly plead diversity of citizenship jurisdiction, Plaintiffs' motion for leave (Doc. 25) is **DENIED as moot**.

The amended complaint properly pleads that Defendants Derrick Richardson and Antonio Harbin – as individuals and members of Defendant Family Motors, LLC – and Brenda Yoakum-Kriz are citizens of Missouri. As to Plaintiffs Shane Cook and Karla Caro, however, the amended complaint alleges only that they were "resident[s] of the state of Kansas at the time of the events alleged below." (Doc. 24 at 3.) Accordingly, Plaintiffs' amended complaint fails to plead facts to establish federal subject matter jurisdiction. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014) (allegation of a party's "residency" is not sufficient to plead a party's "citizenship" for purposes of federal subject matter jurisdiction); *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986) ("Diversity of citizenship is to be determined at the time the complaint is filed); *see also Halley v. Windsor Estates of St. Charles Snal LLC*, No. 4:22-cv-00198-MTS, 2022 WL 539087, at *1 (E.D. Mo. Feb. 23, 2022) (recognizing the court's obligation to independently determine whether federal subject matter jurisdiction exists) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)).

Accordingly, Plaintiffs are granted six (6) days in which to file a Second Amended Complaint that pleads adequate facts to establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiffs' response is due on or before April 4, 2022. Plaintiffs' failure to do so may result in dismissal without prejudice for failure to adequately plead subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see aso Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006) ("Once the district court became aware that it lacked subject matter jurisdiction, it had no choice but to dismiss the claim.") (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)).

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 29, 2022

2