UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHANE COOK, et al., </br>     Plaintiffs, </br> </br>v. </br> </br>FAMILY MOTORS, LLC, et al., </br>     Defendants. | ) </br> ) </br> )   Case: 4:21-cv-930 </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT PURSUANT TO RULE 55(b)
AGAINST DEFENDANT FAMILY MOTORS, LLC UNDER COUNTII AND COUNT III
OF PLAINTIFFS' SECOND AMENDED COMPLAINT AND
<u>PLAINTIFFS' WITHDRAWAL OF RELIEF REQUETSTED UNDER COUNT I</u>**

Plaintiffs, Shane Cook and Karla Caro (collectively "Plaintiffs"), pursuant to F. R. Civ. P. 55(b) and move this Court to enter default judgment against Defendant Family Motors, LLC ("Family Motors") under Count II and Count III of their Complaint. In addition, Plaintiffs withdraw their request for relief under Count I of the Complaint, stating the following in support:

**FACTUAL BACKGROUND**

Plaintiffs are natural persons and residents of Kansas who purchased a certain Pontiac G6 ("the Vehicle) from Defendant for personal, family and household purposes. (Dkt. 28 ¶¶ 105, 108 and generally). Defendant "in the ordinary course of business, solicits, engages in or enforces consumer transactions." (Dkt. 109).

In December 2020, Family Motors placed an advertisement for the Vehicle online. (Dkt. 28 ¶ 19). Plaintiffs noticed the online advertisement and contacted Family Motors from the state of Kansas. (Dkt. 28 ¶ 21). Plaintiffs and Family Motors discussed the purchase of the Vehicle and arranged for Plaintiffs to travel from Kansas to Missouri to look at the Vehicle. (Dkt. 28 ¶¶ 21-23). When Plaintiffs arrived, Family Motors provided Plaintiffs with a falsified and inaccurate safety inspection report. (Dkt. 28 ¶¶ 24-26). Plaintiffs ultimately paid Family Motors

$1,150.00 for the Vehicle, but the Vehicle began exhibiting mechanical problems almost immediately. (Dkt. 28 ¶¶ 27-30). Plaintiffs arranged to have Family Motors pick up the vehicle from Kansas and taken to Family Motors' location in Missouri. (Dkt. 28 ¶¶ 28-31). Plaintiffs then contacted an attorney to help them resolve the situation. (Dkt. 28 ¶¶ 32-35).

Plaintiffs' attorney made multiple, reasonable efforts to resolve the dispute outside of litigation. (Dkt. 28 ¶¶ 32-42). Family Motors responded by threatening to file "all available counter claims" against Plaintiffs and wrote, "Should this transaction result in litigation, there will be no concessions." (Dkt. 28 ¶¶ 43-46, and Exhibit A attacked thereto). Family Motors did not identify a claim or facts supporting a claim against Plaintiffs. (Dkt. 28 ¶ 48). Family Motors did not have a claim or evidence of a claim. (Dkt. 28 ¶¶ 48, 80). Instead, Family Motors threatened to use litigation as retaliation if plaintiffs sought to vindicate their claims in court. (Dkt. 28 ¶¶ 49, 50, 81, and Exhibit A attached thereto).

Despite Family Motors' threats and intimidation tactics, Plaintiffs filed a lawsuit in Missouri state court. (Dkt. 28, ¶ 52). Defendant Brenda Yoakum-Kriz filed a false counterclaim on behalf of Defendant that sought "storage fees" of $35.00 per day under a theory of "quantum meruit" and/or "unjust enrichment." (Dkt. 28 ¶ 58, 72). At no time prior to filing suit did Family Motors make a demand for payment, and Plaintiffs could not and did not obtain any material benefit from the Vehicle remaining at Family Motors' property. (Dkt. 28 ¶¶ 60-64). This counterclaim was false, and Defendant knew it was false. (Dkt. 28 ¶¶ 3, 74, 78, 80, 123, 124). Instead, Defendant Brenda Yoakum-Kriz and Family Motors used the counterclaim to threaten, intimidate and attempt to extort a dismissal of Plaintiffs' claim. (Dkt. 28 ¶¶ 66-84).

As a result of the above, Plaintiffs have incurred additional attorneys' fees, delays and emotional damages. (Dkt. 28 ¶¶ 101, 132, 133).

2

## PROCEDURAL HISTORY

This Court has jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. 1332 as there is complete diversity among the parties and the amount at issue exceeds $75,000.00.

On December 24, 2021, Plaintiffs filed its Complaint against Defendants Family Motors, LLC, Derrick Richardson, Antonio Harbin and Brenda Yoakum-Kriz. Plaintiffs served Defendant with a copy of this Court's summons and Complaint on March 8, 2022 and served Defendant with a copy of this Court's summons and Complaint on March 28, 2022. Pursuant to an order of this Court, Plaintiffs filed a Second Amended Complaint on April 1, 2022 and served the same on Defendant by mail. Plaintiff has failed to serve Defendants Antonio Harbin and Derrick Richardson within the time set by the Rules and this Court. (Dkt. 21, 35, 36)

On May 10, 2022, on Plaintiffs' Motion (Dkt. 34), a Clerk's Entry of Default was entered against Defendant (Dkt. 41). Defendant Brenda Yoakum-Kriz filed a motion to dismiss Plaintiff's claim on April 13, 2022. (Dkt. 31). This motion has been fully briefed, but not yet ruled on. (Dkt. 32, 38, 39). Plaintiffs issued discovery requests, and Defendant Brenda Yoakum-Kriz has responded. (Dkt. 23). Defendant Brenda Yoakum-Kriz objected to nearly every request and asserted that attorney-client privilege barred disclosure of any documents. (Letter from counsel attached as Exhibit A). Defendant Brenda Yoakum-Kriz has, therefore, admitted that she will produce no evidence to form a defense.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Further, "entry of default under

3

Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

The default concedes the truth of the allegations of the Complaint (Dkt. 28) regarding Defendants' liability under all counts brought against them. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1998); *see also Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (stating that the court takes as true all allegations in the complaint that relate to liability); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint related to liability are taken as true."); *Geddes v. Untied Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

A "default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (*quoting Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir.1993)). However, a formal evidentiary hearing is not required to determine the amount of damages for purposes of default judgment as sworn affidavits and supporting documentation may support an award of damages. *H&R Block Enters. LLC v. Ascher*, 2015 WL 5008996, at *4 (W.D. Mo. Aug. 20, 2015); Fed. R. Civ. P. 55(a)(1).

**ANALYSIS**

Plaintiffs did not owe Defendant anything for storage fees. Nevertheless, Defendant knowingly filed a false claim against Plaintiffs to force Plaintiffs to abandon their legal rights. Defendant failed to answer the Second Amended Complaint or otherwise defend and, thus, Plaintiffs are entitled to default judgment against Defendant.

### A. The counterclaim was an abuse of process.

"To sustain an action for abuse of process, the facts must demonstrate an illegal and improper use of such process that is not warranted or authorized, an ulterior motive in exercising such process and damages." *Owen v. Owen*, 642 S.W.2d 410, 414 (Mo. Ct. App. 1982). Abuse of process occurs when "a party 'employs legal process in a manner technically correct, but for a wrongful and malicious purpose to attain an unjustifiable end or an object' that the particular process is not meant to effectuate." *Trs. of Clayton Terrace Subdivision v. Clayton Terrace, LLC*, 585 S.W.3d 269, 278 (Mo. 2019)(affirming *Owen*, 642 S.W.2d 410)(quotations omitted).

Here, Defendant filed a counterclaim that Defendant knew was false and then used that counterclaim to try to force Plaintiffs to abandon their claim against Defendant. (See Dkt. 28). The same operative facts appear here as in *Owen*: Family Motors threatened and then filed a claim Defendant knew to be false in retaliation for Plaintiffs filing suit, and Defendant "offered" to have the counterclaim dismissed if Plaintiffs capitulated. *Id*. (cf Dkt. 28 ¶¶ 47-50, 76). This is a classic example of abuse of process. *Id.*

First, Defendant's counterclaim was "an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process." *Clayton,* 585 S.W.3d at 278. In Missouri, counterclaims are governed by Mo. R. Civ. P. 55.32, which permits a party to file "any claim that at the time of serving the pleading the pleader has against any opposing party." The rule does not authorize a party to make allegations a party knows to be false, as these are specifically barred by and sanctionable under Mo. R. Civ. P. 55.03 (which mirrors F. R. Civ. P. 11).

Second, Defendant had an improper purpose in filing the counterclaim. *Clayton*, 585 S.W.3d at 278. Defendant used the counterclaim to try to force plaintiffs to abandon their claim against Defendant, which is an improper use for a counterclaim. *Owen*, 642 S.W.2d at 414.

5

Finally, Plaintiffs have suffered damages in the form of increased attorneys' fees as a result of the counterclaim.

Defendant is liable to Plaintiffs for abuse of process in the amount of the increased attorneys' fees incurred in responding to Defendant's abusive counterclaim. *Id*.; *Clayton,* 585 S.W.3d at 278. (Dkt. 28, 101).

**B. Defendant's allegations that Plaintiffs owed Defendant any amount for "storage fees" was a false statement in violation of K.S.A. § 50-626.**

Defendant committed unfair, unconscionable and fraudulent acts when it permitted Defendant Brenda Yoakum-Kriz to use false allegations that Plaintiffs owed "storage fees" to pressure Plaintiffs into abandoning their rights. (Dkt. 28 ¶¶ 103-128).

The KCPA "prohibits any supplier from engaging in any deceptive act or practice in connection with a consumer transaction." *State ex rel. Miller v. Midwest Serv. Bureau, Inc*., 623 P.2d 1343, 1345 (1981). "'Supplier' means a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. 50-624(l). "'Consumer' means an individual, husband and wife, sole proprietor, or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes." K.S.A. 50-624(b).

"Consumer transaction' means a sale, lease, assignment or other disposition for value of property or services within this state. . . or a solicitation by a supplier with respect to an of these dispositions." K.S.A. 50-624(c); *Watkins v. Roach Cadillac, Inc*., 637 P.2d 458, 461 (1981). "[T]he sale of property to a Kansas consumer does not have to take place within the state of Kansas." *Kluin v. Am. Suzuki Motor Corp.,* 56 P.3d 829 (2002)(*affirming Watkins,* 637 P.2d

458). "The 'within the state' element is satisfied if [the supplier] solicited in Kansas." *Alexander v. Certified Master Builder Corp.*, CIVIL ACTION No. 96-2515-GTV, 1997 U.S. Dist. LEXIS 19482, at *14 (D. Kan. Nov. 12, 1997)(*citing Watkins,* 637 P.2d 458.).

Here, Plaintiffs are consumers who entered a consumer transaction with Defendant, who is a supplier. (Dkt. 28 ¶¶ 10-14, 108-109); *Watkins*, 637 P.2d at 461-62. Defendant solicited Plaintiffs from Kansas regarding both the sale of the Vehicle and taking the Vehicle from Kansas to Defendant's place of business, so the KCPA governs Defendant's actions. (Dkt. 28 ¶¶ 21-24, 28-31, 104); *Id*. Defendant's false allegations that Plaintiff owed Defendant fees for "storage" related to the purchase and/or presence of the Vehicle on Defendant's property were statements made "in connection with" a "consumer transaction." *Id.*

Defendant falsely alleged that Plaintiffs owed "storage fees." (Dkt. 28 ¶ 119). Defendant knew the statements were false, so Defendant knowingly and willfully made false statements. (Dkt. 28 ¶ 123). And these false allegations have caused damages to Plaintiffs by causing Plaintiffs' litigation costs to rise. (Dkt. 28 ¶ 132).

Defendant violated the KCPA by making false statements that caused Plaintiffs financial damages in the form of additional legal fees addressing Defendant's counterclaim. K.S.A. § 50-634. Defendant is liable to Plaintiffs for those fees. K.S.A. § 634(b). Defendant is liable to Plaintiffs for attorneys' fees in this action. K.S.A. 50-634(e). Defendant is liable to Plaintiffs for punitive damages, which Plaintiffs will agree to be set by the Court on consideration of this motion but reserve the right to have set by a jury if this matter proceeds to trial.

**C. There is no just reason to delay entering default judgment beyond providing Defendant Brenda Yoakum-Kriz an opportunity for discovery on damages.**

7

As a general rule, a default judgment should not be entered against one party where another defendant is alleged to be jointly and severally liable. *Am. Contractors Indem. Co. v. Superior Heating & Cooling, Ltd. Liab. Co.*, No. 8:19-CV-0007, 2019 U.S. Dist. LEXIS 128275, at *2-3 (D. Neb. Aug. 1, 2019). This is to prevent inconsistent damage determinations amongst the defending parties. *Id.*

However, Defendant Brenda Yoakum-Kriz, by and through her attorney, admitted that she will not and cannot produce any evidence in her defense. e.g. F.R. Civ. P. 33(c);(Exhibit A). Plaintiffs will not dispute this, contest this or ask the Court to compel discovery. Plaintiffs even gave Defendant Brenda Yoakum-Kriz notice that Plaintiffs would treat a refusal to participate in discovery the same as a default. (Letter of Plaintiffs' Counsel attached as Exhibit B). This admission was not made by mistake and was made with a full understanding of the circumstances. Thus, this is a binding judicial admission made by a party after careful deliberate consideration of the facts and circumstances. *Huggins v. Fed. Express Corp.*, No. 4:06-CV-01283 SNL, 2008 U.S. Dist. LEXIS 11376 (E.D. Mo. Feb. 14, 2008); *Sanford v. Ektelon/Prince Sports Grp., Inc.*, 8:97CV368, 2000 U.S. Dist. LEXIS 1465 (D. Neb. Feb. 10, 2000).

If Defendant Brenda Yoakum-Kriz has no evidence she can produce, then she will default if her motion to dismiss is denied. Defendant Brenda Yoakum-Kriz could not deny any allegation of fact if she would file an answer because she has already admitted that she has no evidence to support those denials. F. R. Civ. P. 11(4). Thus, there are no disputed issues of material fact, and Defendant Brenda Yoakum-Kriz can only raise legal arguments in her defense.

The better course is for Plaintiffs to file a motion for summary judgment concurrently with this motion and request the Court rule on all three pending dispositive motions together. This way, Defendant Brenda Yoakum-Kriz retains the right to raise her legal arguments in

8

opposition to Plaintiffs' claims even though she will be barred from disputing any facts by operation of Rule 11. This prevents a perceived injustice of a second default judgment here.

Plaintiffs have made every effort to ensure that this case proceeds fairly. However, Plaintiffs should not be further prejudiced by Defendant Brenda Yoakum-Kriz' continual stonewalling, abuse of the rules and general misuse of the courts to gain advantage instead of seeking justice. In the interests of justice and efficiency, Plaintiffs concede that if the Court enters a judgment in their favor jointly and severally against the defendants who are still party to this case on these motions, Plaintiffs will withdraw their claims for relief under Count I, file no objection to the dismissal of Defendants Derrick Richardson and Antonio Harbin, and limit their claims for damages to (a) actual damages as measured by the increased attorneys' fees in the state court action, (b) reasonable attorneys' fees incurred here, and (c) punitive damages in an amount set by the Court. Plaintiffs will further agree that the Court may enter a single award for both counts that merges the awards and does not allow for double recovery.[1]

WHEREFORE, for the reasons stated above, Plaintiffs pray the Court enter an order providing Defendant Brenda Yoakum-Kriz a period of not more than 14 days to conduct discovery on the issue of damages, an order Plaintiffs and Defendant Brenda Yoakum-Kriz the an additional 30 days after the close of the limited discovery to file supplementary arguments or evidence on the issue of damages, and then enter a default judgment in their favor and against Defendant Family Motors, LLC on Counts II for actual damages as determined by the Court, on Count III for actual damages, attorneys' fees, and punitive damages in amounts set by the Court, and for such further relief as the Court deems just and necessary.

---

[1] Plaintiffs do not concede that this would be necessary but see no reason to contest this.

Dated: May 20, 2022

Respectfully submitted,

**THE WILLISTON LAW FIRM, LLC**
By: *Keith N. Williston*
Keith N. Williston MO #69433
201 SE Williamsburg Dr
Blue Springs, MO 64014
Tele:   (913) 207-5450
Fax: (816) 492-8212
WillistonKeith@yahoo.com

**Attorney for Plaintiffs**

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 20, 2022, a true and accurate copy of the foregoing filed with the court's electronic filing system, which will give notice to all attorneys of record.

/s/ *Keith N. Williston*

Attorney for Plaintiffs