# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHANE COOK, et al.,<br>　　Plaintiffs, | )<br>) |
| v. | )　　Case: 4:21-cv-930<br>)<br>) |
| FAMILY MOTORS, LLC, et al.,<br>　　Defendants. | )<br>)<br>) |

## AFFIDAVIT OF KARLA CARO

Karla Caro, being first duly sworn, depose and state:

1.　I am a Plaintiff in this action and in 2116-CV07101 - Shane Cook et al v Family Motors, LLC.

2.　I am over eighteen (18) years of age, have personal knowledge of the facts stated herein and am competent to testify to the same.

3.　I am a resident and citizen of Kansas where I reside with Shane Cook.

4.　On or about December 19, 2020 I saw an online advertisement from Family Motors, LLC ("Family Motors") for a 2006 Pontiac G6 GT sedan ("Vehicle").

5.　Shane Cook and I communicated with Family Motors from Kansas and discussed the purchase of the Vehicle.

6.　Shane Cook and I communicated with a person who identified himself as Jason Higgs from Kansas.

7.　Shane Cook and I arranged to travel from Kansas to Missouri to purchase the Vehicle.

8.　Shane Cook and I purchased the Vehicle for $1,150.00.

9. Shane Cook and I purchased the Vehicle for personal, family and household purposes.

10. Shortly after purchasing the Vehicle, the Vehicle began having significant problems on the road, leading me to pull over in Merriam, Kansas.

11. I contacted Family Motors from Merriam, Kansas and arranged for Family Motors to come pick up the Vehicle.

12. I do not have personal knowledge of the Vehicle's current location.

13. After reporting problems to Family Motors, I contacted an attorney, Keith Williston to assist me in negotiating an arrangement to return the Vehicle for a full refund.

14. Shane Cook and I hired Keith Williston to represent us in negotiating a settlement or, if necessary, filing a suit against Family Motors.

15. I was not willing to pay Family Motors for the additional costs of towing the Vehicle because I felt that Family Motors should be responsible for those costs.

16. Neither Shane Cook nor I were looking to take advantage of Family Motors or any other person.

17. Shane Cook and I were just looking to be treated fairly and honestly.

18. I never received a demand or request that Shane Cook or I retrieve the Vehicle from Family Motors.

19. Prior to October 4, 2021, I never received notice from Family Motors that they were charging or would charge me fees for storing the Vehicle.

20. The last communication from Family Motors I am aware of – made outside of litigation – is a letter dated January 13, 2021, which was sent to my attorneys' office.

21. As of January 13, 2021, I understood that Family Motors was negotiating for a possible return of the Vehicle.

22. I have not had any direct communication with Family Motors, its owners, employees or agents between January 13, 2021 and the date of this affidavit.

23. My attorney has spent and continues to spend significant time responding to the counterclaim filed by Defendant Brenda Yoakum-Kriz and Family Motors in 2116-CV07101 - Shane Cook et al v Family Motors, LLC, and the fees associated with this time continue to accrue.

24. I have attempted to reach a reasonable resolution of this dispute with Family Motors through settlement before and after filing suit.

25. I did not agree to pay Family Motors Storage Fees.

26. I have not received any financial gain from having the Vehicle outside of my possession.

27. I have not and cannot obtain a material benefit from Family Motors storing the Vehicle, if that is where the Vehicle is.

28. I do not owe Family Motors any amount for storing the Vehicle.

29. Further, Affiant sayeth naught.

_____

Karla Caro

SUBSCRIBED AND SWORN TO before me this _____ day of _____ 2021.

_____

Notary Public

_Karla Caro_

Karla Caro

SUBSCRIBED AND SWORN TO before me this 20th day of May 2022 ~~2021.~~

_[signature]_

Notary Public

NOTARY PUBLIC -- State of Kansas
SHERRI HOLLOWAY
My Appt. Exp. 7-2-23

4