# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **SHANE COOK, et al.,** )<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**FAMILY MOTORS, LLC, et al.,** )<br>    **Defendants.** ) | **Case: 4:21-cv-930** |

## AFFIDAVIT OF KEITH WILLISTON

Keith Williston, being first duly sworn, depose and state:

1. I am the attorney of record in this action and in 2116-CV07101 - Shane Cook et al v Family Motors, LLC.

2. I am over eighteen (18) years of age, have personal knowledge of the facts stated herein and am competent to testify to the same.

3. Defendant, Family Motors, LLC ("Family Motors") never directly communicated to me or my office that they demanded, requested or expected that Plaintiffs, Shane Cook and Karla Caro to pick up the vehicle at issue in this case (the "Vehicle") prior to filing the counterclaim.

4. The first statement received in my office that suggested Family Motors expected, demanded or requested money for storing the Vehicle was the proposed counterclaim, when I received electronic notice of its filing on October 4, 2021.

5. On or about January 18, 2021 I received a letter from Jason Higgs, an employee and/or agent of Family Motors. A true and accurate copy of that letter is attached as Exhibit E.

6. At no time prior to the filing of the counterclaim on October 4, 2021 did Family Motors communicate with me or my office that Family Motors had a legal claim against Plaintiffs or facts that would state a claim.

7. On behalf of the Plaintiffs, I communicated an initial settlement demand that Family Motors unwind the transaction and pay a small amount for attorneys' fees.

8. In small cases, I always make an early settlement offer that unwinds a transaction before doing significant investigation or analysis, as the cost of fees will otherwise likely make resolution impossible.

9. The person I know as Jason Higgs rejected the initial demand.

10. After the initial demand was rejected, I did a more thorough inquiry and uncovered the issues with the vehicle inspection report.

11. After spending time inquiring, I sent a second demand for $5,000.00.

12. $5,000.00 is a reasonable amount to demand for a simple consumer law claim involving nearly no investigation or legal drafting. *see e.g. Weaver v. Performant Recovery, Inc.,* No. 2:13-cv-2408-JTM, 2014 U.S. Dist. LEXIS 137134, at *2 (D. Kan. Sep. 29, 2014).

13. Jason Higgs refused the second demand in his letter dated January 13, 2021.

14. I continued working for Plaintiffs, incurring further fees related to their case, including work on this case and the case still pending before the Circuit Court of Jackson County, Missouri, 2116-CV07101 - SHANE COOK ET AL V FAMILY MOTORS, LLC (the "State Case").

15. On October 4, 2021, at or about 1:40PM, I sent Family Motors a demand and offer for settlement of $11,000.00 through their attorney, Defendant Brenda Yoakum-Kriz. This is a reasonable amount for the case as it was at the time.

16. On October 4, 2021, at or about 4:30 PM I received notice that Defendant Brenda Yoakum-Kriz had filed the counterclaim, purporting to seek over $9,240.00 in "storage fees."

17. On October 5, 2021, at or about 11:20 I received an email from Defendant Brenda Yoakum-Kriz "offering" to dismiss the counterclaim if Plaintiffs would "dismiss [the State Case] with prejudice."

18. I filed multiple motions and communicated with Defendant Brenda Yoakum-Kriz on multiple occasions, providing more than adequate notice that the counterclaim was baseless and without merit.

19. Specifically, on November 17, 2021, I emailed Defendant Brenda Yoakum-Kriz and advised her that I believed my clients had a claim against her personally for violations of the Kansas Consumer Protection Act.

20. The document attached as Exhibit G is a true and accurate copy of the publicly available record of Defendant Brenda Yoakum-Kriz property ownership.

21. The documents attached as Exhibits D and F are true and accurate copies of documents received by me from Defendant Family Motors in discovery.

22. I am still representing Plaintiffs in the state court case and fees continue to accrue for work performed.

23. Further, Affiant sayeth naught.

_____

Keith Williston

SUBSCRIBED AND SWORN TO before me this ___20th___ day of ___May___ 2022.

___Sydney Elise Wiggins___
Notary Public

> SYDNEY ELISE WIGGINS
> Notary Public-Notary Seal
> STATE OF MISSOURI
> Commissioned for Jackson County
> My Commission Expires: Oct. 19, 2025
> ID. #21734803

4

Case 4:21-cv-00930-RK   Document 45-3   Filed 05/20/22   Page 5 of 5